GLD-034                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3064
_____

ANTHONY MARSHALL DIGIACOMO,
Appellant,
v.

D. SINGLETON; CHOW
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 08-cv-00383)
District Judge: J. William Ditter
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 12, 2010

Before:  AMBRO, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed   November 23, 2010 )
_____

OPINION
_____

PER CURIAM

        Appellant Anthony Marshall DiGiacomo, a Pennsylvania resident, filed a

civil rights complaint, 42 U.S.C. § 1983, in the United States District Court for the

Eastern District of Pennsylvania against defendants Diane Singleton and Andy Chan

(identified as "Mr. Chow" in the complaint), both employees of the Pennsylvania

Department of Public Welfare.  DiGiacomo alleged that these individuals terminated his

welfare benefits in violation of his federal constitutional rights on three separate occasions: Singleton terminated his benefits in November, 2006; Chan terminated his benefits in May, 2007; and Singleton again terminated his benefits in December, 2007. DiGiacomo sought money damages.

The defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which the District Court granted in part and denied in part. The District Court noted that recipients of welfare benefits have a protected property interest under the federal Due Process Clause, Goldberg v. Kelly, 397 U.S. 254, 261-62 (1970), and, when facing termination of their benefits, they must be given notice and an opportunity to respond, see id. at 267-68. The court also noted that, under state law, a welfare recipient's eligibility must be redetermined periodically. See generally 55 Pa. Code § 133.23. At these redeterminations, such eligibility factors as income, assets, and employment status must be verified, see id. at § 133.23(a)(2), but if the recipient cooperates, benefits will continue during the redetermination process, see id. at § 133.23(a)(3).

The District Court concluded that DiGiacomo's complaint with respect to the December, 2007 termination should be dismissed because he failed to allege enough facts to establish lack of notice and an opportunity to be heard. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (motion to dismiss should be granted if plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face"). See also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating a claim requires enough facts to raise reasonable expectation that discovery will reveal evidence of necessary elements of cause of action). Specifically, he alleged that he received notice

2

in December, 2007 that his welfare benefits were to be discontinued. He attached to his complaint a "Confirming Stop Notice," dated December 12, 2007, which provided the required notice that his benefits would be terminated effective December 24, 2007, detailed the reasons for the proposed termination, and described his right to appeal and to a hearing. DiGiacomo did not allege that he did not receive this notice, that this notice was incomplete or inadequate, or that he requested an appeal or hearing and was denied.

But the District Court concluded that DiGiacomo *had* adequately alleged a deprivation of his civil rights in connection with the termination of his welfare benefits in November, 2006 and May, 2007. The complaint was allowed to proceed to this extent, and the defendants answered it. DiGiacomo then moved to amend his complaint to add a claim that his benefits were terminated in August, 2008. The District Court denied leave to amend as futile, reasoning that it appeared from the face of the claim that he was not deprived of any welfare benefits at the time alleged, and if he was, he received adequate notice and an opportunity to be heard prior to their termination.

The defendants filed a motion for summary judgment pursuant to Rule 56(c), and submitted affidavits from Singleton and Chan, along with certain DPW records. In pertinent part, they asserted that in November, 2006 DiGiacomo received advance written notice before his welfare benefits were terminated for a brief period of time in December, 2006, and that in May, 2007 his benefits were never terminated at all.

DiGiacomo again moved to amend his complaint, this time to add a conspiracy claim. The District Court denied leave to amend, because the conclusory assertion of a conspiracy was factually inadequate to demonstrate an express or tacit agreement among the defendants to deprive him of his constitutional rights. Moreover,

3

he had argued no class-based animus as required to make out a § 1985(3) conspiracy claim, <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971). DiGiacomo then responded in opposition to the defendants' summary judgment.

In an order entered on June 29, 2010, the District Court granted the motion for summary judgment and entered judgment in favor of the defendants and against DiGiacomo. DiGiacomo appeals. Our Clerk advised him that his appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact is one that could change the outcome of the litigation. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986).

The District Court reasoned, and we agree, that DiGiacomo's written opposition failed to adequately respond to the defendants' motion for summary judgment. It contained a few unsupported factual assertions but no affidavits or additional evidence, and this is inadequate under Federal Rule of Civil Procedure 56(e)(2). Rule 56(e)(2), concerning the requirements for opposing a motion for summary judgment, provides that DiGiacomo, as the non-moving party, "may not rely merely on allegations or denials in [his] own pleading; rather, [his] response must – by affidavits or as otherwise provided in

4

this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. Pro. 56(e)(2). Moreover, the undisputed evidence in the record, evidence which DiGiacomo did not rebut, showed that his welfare benefits were terminated on December 8, 2006, but reinstated on December 21, 2006 after he produced all the necessary paperwork to verify his eligibility for the benefits. In May, 2007 his benefits were not terminated at all. At the very most, the District Court reasoned, the defendants were negligent in December, 2006, and the Due Process Clause is not implicated by the negligent act of an official who causes an unintended loss of property, Daniels v. Williams, 474 U.S. 327, 328 (1986).

For the foregoing reasons, we will summarily affirm the order of the District Court granting the defendants' motion for summary judgment